JUSTICE LEAPHART,
dissenting.
¶30 I dissent. The Court “rejects Lone Moose’s contention that depreciation should be applied as a technical term under its tax definition.” Opinion, ¶ 15. There is, however, nothing technical about Lone Moose’s interpretation of the word “depreciation.” Even though we can assume that both these parties are familiar with the nuances of tax law, we need not turn to some arcane tax code to comprehend the meaning of the word “depreciation.” As defined in the American Heritage Dictionary of the English Language 502 (3rd Ed. Houghton Mifflin Co. 1992), it simply means “a decrease or loss on value, as because of age, wear or market conditions. An allowance made for a loss in value of property.” The issue is whether it is reasonable or logical to interpret a contract in such a way that party A is deemed to have agreed to pay party B depreciation on property that party A owns.
¶31 The Court reasons that “[t]he parties agreed that Lone Moose would make $50,000 annual payments, which the parties agreed to call ‘depreciation.’ ” Opinion, ¶ 16. “If the parties intended the term ‘depreciation’ to have a specific definition, the definition should have been included in the contract.” Opinion, ¶ 15. Although the Court tells us what depreciation is not, it fails to give us a positive and unambiguous definition of what it is. Apparently it is a meaningless label the parties arbitrarily chose to use. They could just as easily have called it “landscaping.”
¶32 One has to assume that since the labeling under the contract has no intrinsic meaning, other aspects of Exhibit D (Lone Moose Lift Expenses) would be subject to the same “mere label” treatment. For *416 example, the list of expenses includes 2.5 operator days for 130 days at 9 hours a day. If the ski season were cut short at 120 days by an early spring, the Court’s approach would dictate that Lone Moose would still have to pay the agreed upon 130/day figure of $35,100. The fact that the actual expense was only for 120 days would be of no consequence since the 130/day description was merely a label that they agreed upon. All that matters is that one party, using one rubric or another, agreed to pay a sum of money to the other.
¶33 I disagree. Depreciation is not a meaningless label. It has a commonly accepted meaning and that meaning is not consistent with requiring Lone Moose to pay depreciation money to an entity which does not own the asset in question.
JUSTICE MORRIS joins in the dissenting Opinion of JUSTICE LEAPHART.